UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

**This Document Relates to:**

**Judge David R. Herndon**

*Bennett et al v. Bayer Healthcare Pharmaceuticals Inc. et al* No. 3:13-cv-20026-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management. The instant action was transferred to this Court on October 3, 2013. On October 4, 2013, the plaintiff, who is proceeding *pro se*, emailed the Court asking the Court to take special notice of the motions that are currently pending in this action (Doc. 34). The email included numerous arguments in support of the pending motions (Doc. 34). The email appeared to only be directed to the Court (there was no visible "CC" to defense counsel). That same day, the Court issued a minute order explaining that the plaintiff's email constituted inappropriate *ex parte* contact (Doc. 34). The Court further explained that any further communication with the

Court should be made by motion, on the record, with copies to defendants (Doc. 34).

Since the Court's October 4, 2013 Order, the plaintiff has sent the Court at least 4 additional emails. The first email, sent to the Court on October 7, 2013, stated as follows:

> I am writing to notify the court that I did not send an ex parte email to the Judge. I contact Sean Simmons with the same info and Sean has the very same information that I sent to Judge Herdon [sic]. I sent Sean Simmons a copy at the same time I sent the email to Judge Herdon [sic]. I have a proof of this to support my claim, and will be happy to provide it upon request or Sean Simmons can verify that I did in fact BCC him the email.
>
> When I sent the request for special notice, I was under the impression that I had to notify the court before sending out new pleadings. That was the reason for my email and I have also sent the court, and will send the Defense counsel, the New pleading that I typed up after sending out the email, I sent to Judge Herndon.
>
> I would also like to mention that, I notified Roger Denton and the other Co-Liaisons, that I sent the request notice to Judge Herdon [sic], if it please the court, all that I have said in the email can be verified and I will be happy to provide the info upon request.
>
> For future reference, I have established with Defense Counsel Sean Simmons his permission to send and receive emails between the two of us. So just because you do not see their info in the email does not mean that I did not contact them.

(Email to the Court from Maryam T. Bennett dated October 7, 2013).

The October 7th email was followed with several additional emails attaching "proof" that the plaintiff did not engage in improper *ex parte* communication with the Court. Then on October 8, 2013, the plaintiff emailed the Court copies of certain pending motions and informed the Court regarding her

recent contact with the JPML (Email to the Court from Maryam T. Bennett dated October 8, 2013). The plaintiff's continued contact with the Court via email demonstrates that the plaintiff clearly did not understand this Court's October 7th Order. Accordingly, the Court is entering this order.

The plaintiff's direct communications with this Court via email are improper. This is so regardless of any agreement the plaintiff claims to have reached with defense counsel and regardless of whether the plaintiff is sending copies of her email communications to defense counsel. The plaintiff cannot simply make up her own rules. The plaintiff has elected to proceed in this case *pro se*. As a *pro se* plaintiff, she has a duty to pursue her action in a manner that complies with the federal rules and with the local rules of this Court. Thus, the plaintiff MUST become familiar with the federal rules of civil procedure and with the rules of this Court. The Court notes a few relevant rules below.

The plaintiff's emails to this Court amount to asking the Court to take action, in one way or another, on her case. Any such request should not be made by email to the Court. Rather, any such request must be FILED as a MOTION in the case and must include an appropriate certificate of service.

Electronic Filing Rule 1, provides guidance regarding the manner in which a *pro se* plaintiff should file a motion:

- **Electronic Filing Rules,**
  **Available at** http://www.ilsd.uscourts.gov/documents/ECFRules.pdf

**RULE 1 SCOPE OF ELECTRONIC FILING**

All cases, civil and criminal, are assigned to the Electronic Case Filing (ECF) system. Attorneys must utilize the ECF system, unless specifically exempted by the court for good cause shown. **Pro se filers may, but do not have to, utilize the ECF system. Pro se filers who do not utilize the ECF system shall file all documents with the Clerk of Court by U.S. Mail or personal delivery to the Clerk's Office**.

The Court also notes the following guidance from the Court's *Pro Se* Litigant

Guide, available here: http://www.ilsd.uscourts.gov/Forms/ProSeGuide.pdf:

***Pro Se* Litigant Guide, § IV.2**
**Motion Practice:**
Either party (plaintiff or defendant), may request that the court take specific action related to the case. To do so, the party prepares a formal request or what is referred to as a **motion. Local Rule 5.1** provides information on the preferred form and style of motions in this court. The party then signs the motion, submits it or **files** it with the Clerk of Court and sends a copy to the opposing party. The opposing party may file with the Clerk of Court a **response** to the motion. The response sets forth the reasons why the court should deny rather than grant the motion. **Local Rule 7.1** sets forth the deadlines and page limitations that apply to motions (see box below concerning the distinction between dispositive and non-dispositive motions). After a response (and sometimes a reply) is filed, the district judge or magistrate judge may schedule a hearing to provide the parties with an opportunity to argue the motion and the objections. Or, the judge may decide a hearing is unnecessary and rule on the motion by issuing a written order that either grants or denies (in whole or in part) the relief sought in the motion.

***Pro Se* Litigant Guide, § V.**
**How Do You Submit Documents To The Court?**

Case related documents that ask the court to take specific action are referred to as **motions** or pleadings. If, for example, you want to ask the court to do something, you must do so by means of a written motion. A motion should be supported by a summary of the law supporting the motion called a **memorandum** and/or by an affidavit or declaration of the movant that provides the court with facts that support the motion. In preparing a motion, you should follow the

same general format as the sample motions attached to this Guide in the Appendix Section. Be as specific as possible about the action you would like the court to take.

[if the plaintiff chooses not to utilize the Court's electronic filing system] You only need to submit the original of any motion or other pleading you wish to file with the Clerk of Court, but you should always retain a copy for yourself. If extra copies are submitted to the court, file-marked copies will be returned if a self-addressed stamped envelope is sent to the Clerk of Court with the original pleading. The clerk's office has two locations; hours are 9:00 am to 4:30 pm Monday through Friday, excluding all federal holidays.

**United States District Court
750 Missouri Avenue
East St. Louis, IL 62201
(618) 482-9371**

When you submit a pleading to the court, you also must mail or deliver a copy of the pleading to the defendant's attorney or, if the defendant has no attorney, to the defendant. **At the end of your pleading, you must include a certificate of service that states the date that you mailed or delivered a copy of the pleading to the defendant. A sample form for a certificate of service is in the Appendix Section**.

In addition to reviewing the Court's electronic filing rules and *Pro Se* Litigant Guide, the plaintiff should also review this Court's local rules, available here: http://www.ilsd.uscourts.gov/LocalCourtRules.aspx and the Court's CMECF Users' Manual, available here: http://www.ilsd.uscourts.gov/ECF/ecfManual.aspx

Further, the Court notes that presently there are 6 motions pending in the plaintiff's case: (1) Motion for Summary Judgment; (2) Motion to Waive PACER fees; (3) Motion for Judicial Notice for Exhibit C; (4) Motion for Judicial Notice of Exhibit A-D; (5) Amended Motion for Summary Judgment; and (6) Motion to

Amend Motion for Summary Judgment. The Court is well aware of these motions and will rule on them in due time.

Finally, the Court will not respond to or address any further communications from the plaintiff, seeking Court action, submitted via email.

SO ORDERED:

Digitally signed by
David R. Herndon
Date: 2013.10.10
16:25:34 -05'00'

**Chief Judge**  
**United States District Court**                                    Date:  October 10, 2013