# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------  X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

3:09-md-02100-DRH-PMF

MDL No. 2100

---------------------------------------------------------

**This Document Relates to:**

Judge David R. Herndon

*Bennett et al v. Bayer Healthcare Pharmaceuticals Inc. et al* No. 3:13-cv-20026-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on the plaintiff's motion seeking to remand to the Northern District of Georgia or for voluntary dismissal so she can refile in the Northern District of Georgia (Doc. 46). The Court agrees with the defendant on this matter. The plaintiff is not entitled to remand to the Northern District of Georgia, or to a *de facto* remand by allowing her to dismiss her case and refile in that district.

As noted by the defendant, in determining whether to issue a suggestion of remand to the JPML, transferee courts are "guided by the standards for remand employed by the Panel." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The party seeking remand "has the burden of establishing

that such remand is warranted." *See*, *e.g.*, *In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994). Further, the JPML will remand an action "prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause." *In re S. Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978).

In the instant case, the plaintiff's pretrial proceedings are nowhere near completed and the plaintiff has not shown good cause for remand. Accordingly, the plaintiff's motion is DENIED.

**SO ORDERED:**

David R. Herndon
2013.12.10
14:10:24 -06'00'

**Chief Judge**  Date: December 10, 2013
**United States District Court**