UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

-----------------------------------------------------------   X

IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

3:09-md-02100-DRH-PMF

MDL No. 2100

-----------------------------------------------------------

This Document Relates to:

*Bennett et al. v. Bayer HealthCare Pharmaceuticals Inc., et al.* No. 3:13-cv-20026-DRH-PMF

Judge David R. Herndon

### ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on the plaintiff's (Maryam Bennett) motion to recuse (Doc. 88). for case management. Bayer HealthCare Pharmaceuticals Inc. ("Bayer"), opposes the motion (Doc. 91). For the reasons discussed herein, the motion is DENIED.

Canon 3, Section A sets out the adjudicative responsibilities of a federal judge. Specifically, subsection 2 thereof states: "A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings." Subsection C describes the area of disqualification.

According to 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality

might reasonably be questioned." *See Liteky v. United States,* 510 U.S. 540, 548 (1994). Section 455(a) has been termed the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice grounds." *Id.* at 548. Actual bias is not necessary; the appearance of bias is adequate to trigger recusal under § 455. The inquiry under § 455(a) is based on an objective standard. *Id.* Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir.1996) (citation omitted). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia,* 541 U.S. 913, 124 S.Ct. 1391, 1392 (2004) (quoting *Microsoft Corp. v. United States,* 530 U.S. 1301, 1302 (2000)).

This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person." *Hook*, 89 F.3d at 354 (citation omitted). Thus, trivial risks of perceived impartiality are insufficient to warrant recusal. *See Id.* The objective, reasonable person standard of § 455(a) is intended to promote public confidence in the impartiality of the judicial process. "In furthering the policy of public confidence in the impartiality of the judicial process, a court faced with motion under § 455(a) must recuse itself where valid reasons are presented, and must not recuse itself where the proffered reasons are not valid." *New York City Housing Development Corp. v. Hart,* 796 F.2d 976,

981 (7th Cir.1986); *see also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir.1981) (rev'd on other grounds) ("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.").

Under 28 U.S.C. § 455(b)(1) a judge must recuse if he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Hook,* 89 F.3dat 355. As the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp.,* 796 F.2d at 980-81. "The statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v.* Alley, 71 F.3d 347, 351 (10th Cir. 1995). The Court is also mindful that the statute is not a judge-shopping device. *Id.*; *Hook,* 89 F.3d at 354.

The plaintiff provides no basis for the Court to recuse itself. None of the plaintiff's arguments would lead an objective person to question the impartiality of

the Court. The Court has addressed a number of the plaintiff's motions. The plaintiff is obviously displeased with the Court's previous rulings. However, petitioner's displeasure or disagreement is not an adequate basis for recusal. Because the plaintiff has not demonstrated allegations warranting recusal, the plaintiff's motion is **DENIED**.

    **SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2014.01.13
16:10:29 -06'00'

**Chief Judge**                                                 **Date:  January 13, 2014**
**United States District Court**